## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THOMAS RAY RODRIGUEZ,

      Plaintiff,

v.                                                                                    No. 2:24-cv-00711-JHR

CITY OF DEMING,
FNU CHAVEZ,
FNU ARAGON,
LUNA COUNTY and
FNU LOVELACE,

      Defendants.

### MEMORANDUM OPINION AND ORDER
### GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND
### ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed July 12, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed July 12, 2024 ("Application").

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . .." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $920.00; (ii) Plaintiff has no cash and no funds in bank accounts; and (iii) Plaintiff's four minor children rely on Plaintiff for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding, because of his low monthly income, and because his four minor children rely on him for support.

**Order to Show Cause**

This case arises from the arrest of Plaintiff during which he suffered a hand injury. *See* Complaint at 3. Plaintiff alleges he "called police to have X leave." Complaint at 2. "X" is apparently the mother of Plaintiff's children. *See* Complaint at 2, 8. Plaintiff was "arrested for violating a protection order." Complaint at 2. After asking to be taken to the hospital, "sheriff deputy waiting outside of the hospital opens the door to police unit I[']m in and literry [sic] dragged me out of police unit." Complaint at 2. Plaintiff alleges he was "taken to jail, got sentenced in magistrate court, police and district attor[ne]y lied in court to find me guilty." Complaint at 4.

Plaintiff asserts claims for false arrest, false imprisonment and personal injury. *See* Complaint at 3–4.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendants City of Deming and Luna County. "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed. App'x. 748, 753–754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). "A 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *Id.* (citing *City of Okla. City v. Tuttle,* 471 U.S. 808, 821, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)). There are no allegations in the Complaint showing that a City of Deming or Luna County policy or custom was the moving force behind the alleged constitutional deprivations by their employees.

The Complaint fails to state claims pursuant to 42 U.S.C. § 1983 against individual Defendants Chavez, Aragon and Lovelace. "[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). The allegations in the Complaint do not give each Defendant fair notice of which claims Plaintiff is asserting against each Defendant and the grounds upon which those claims are base. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice

of what the . . . claim is and the grounds upon which it rests."). The Complaint does not clearly indicate which Defendant falsely arrested Plaintiff, which Defendant injured Plaintiff and which claims Plaintiff is asserting against each Defendant. Furthermore, the Complaint does not contain allegations showing any of the individual Defendants falsely imprisoned defendant by depriving Plaintiff of his liberty without due process of law. *See Romero v. Fay*, 45 F.3d 1472, 1480–81 (10th Cir. 1995) ("a police officer does not commit false imprisonment merely by arresting an individual who happens to be innocent . . . 'we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence . . . *The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury*'") (emphasis in original) (quoting *Baker v. McCollan*, 443 U.S. 137, 145–46 (1979) ("Respondent's innocence of the charge contained in the warrant, while relevant to a tort claim of false imprisonment in most if not all jurisdictions, is largely irrelevant to his claim of deprivation of liberty without due process of law. The Constitution does not guarantee that only the guilty will be arrested")).

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims for the reasons stated above. If Plaintiff asserts the Court should not dismiss the claims, Plaintiff must file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Complaint fails to state a claim upon which relief may be granted. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim

over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which

includes the address of each Defendant.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional
> responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become
> familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local
> Rules of the United States District Court for the District of New Mexico* (the "Local
> Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October

2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil

Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of

Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of the

Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.**  By presenting to the court a pleading, written
> motion, or other paper--whether by signing, filing, submitting, or later advocating
> it--an attorney or unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry reasonable under the
> circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law
> or by a nonfrivolous argument for extending, modifying, or reversing existing law
> or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified,
> will likely have evidentiary support after a reasonable opportunity for further
> investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed July 12, 2024 ("Application"), is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss Plaintiff's claims; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.


**HON. JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**

6