IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

THOMAS RAY RODRIGUEZ,

      Plaintiff,

v.                                                            No. 2:24-cv-00711-MLG-JHR

CITY OF DEMING, FNU CHAVEZ,
FNU ARAGON, LUNA COUNTY and
DERRICK LOVELACE,

      Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT**

      This case arises from the arrest of Plaintiff Thomas Ray Rodriguez during which he suffered a hand injury. *See* Doc. 1 ("Complaint"). Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." *Id.* Plaintiff alleges "X" came to Plaintiff's home and that Plaintiff "called police to have X leave." *Id.* at 2. "X" is apparently the mother of Plaintiff's children. *See id.* at 2, 8. Plaintiff was "arrested for violating a protection order." *Id.* at 2. After asking to be taken to the hospital, a "sheriff deputy [was] waiting outside of the hospital opens the door to police unit I[']m in and literry [sic] dragged me out of police unit." *Id.* Plaintiff alleges he was "taken to jail, got sentenced in magistrate court, police and district attor[ne]y lied in court to find me guilty." *Id.* at 4. Plaintiff asserts claims for false arrest, false imprisonment and personal injury. *See id.* at 3-4.

      United States Magistrate Judge Jerry H. Ritter notified Plaintiff that as to Defendants City of Deming and Luna County, the Complaint failed to state a claim pursuant to Section 1983. *See* Doc. 5 at 3-4 (citing *McLain v. Sheriff of Mayes County*, 595 F. App'x. 748, 753-754 (10th Cir. 2014)). Based on Judge Ritter's assessment, "There are no allegations in the Complaint showing that a City of Deming or Luna County policy or custom was the moving force behind the alleged

constitutional deprivations by their employees." *Id.* at 3. Further, Judge Ritter noted that "[t]he Complaint fails to state claims pursuant to 42 U.S.C. § 1983 against individual Defendants Chavez, Aragon and Lovelace" such that each Defendant was not give fair notice of the claims nor the grounds upon which the claims are based. *Id.* (citing *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Specifically, Judge Ritter stated, "The Complaint does not clearly indicate which Defendant falsely arrested Plaintiff, which Defendant injured Plaintiff and which claims Plaintiff is asserting against each Defendant. Furthermore, the Complaint does not contain allegations showing any of the individual Defendants falsely imprisoned defendant by depriving Plaintiff of his liberty without due process of law." Doc. 5 at 4. Ultimately, Judge Ritter ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's claims and to file an amended complaint. *Id.* at 6.

Plaintiff did not show cause but did file a hand-written Amended Complaint. Doc. 6. Plaintiff alleges that some of the Defendants "do not know how the law is written and works in a protective order" and that Plaintiff should not have been arrested for violating a protective order when Petitioner went to Plaintiff's home. *Id.* at 2. Plaintiff alleges he was arrested at his home, presumably by Defendants Chavez and/or Aragon. *See id.* Plaintiff also alleges he was "dragged out of a police unit by a sheriff deputy," and that Defendant Lovelace "had no right waiting at the Mimbres Memorial Hospital and [literally] draggin[g] me out of Deming Police unit." *Id.* at 3-4. Plaintiff states: "The City of Deming operates the Deming Police, and the Luna County is in charge of the Luna County Sheriff." *Id.* at 4.

The Court dismisses Plaintiff's claims against the City of Deming and Luna County pursuant to 42 U.S.C. § 1983 for failure to state a claim because there are no allegations in the

Amended Complaint that a City of Deming or Luna County policy or custom was the moving force behind the alleged constitutional deprivations. *See McLain v. Sheriff of Mayes County*, 595 Fed. App'x. 748, 753-754 (10th Cir. 2014).

The Court dismisses Plaintiff's claims against the City of Deming Police Officers Chavez and Aragon and Luna County Sheriff's Deputy Lovelace pursuant to 42 U.S.C. § 1983 for failure to state a claim. Plaintiff's allegations that Defendants do not know the law and that they arrested Plaintiff and dragged him out of a police car, without more, are not sufficient to state a claim pursuant to Section 1983.

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. A plausible claim includes facts from which we may reasonably infer Defendant's liability. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. Allegations that are "'merely consistent with' a defendant's liability" stop short of that line.

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162-63 (10th Cir. 2011) and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Amended Complaint does not contain sufficient factual allegations from which the Court may reasonably infer that Defendants Chavez, Aragon, and Lovelace violated Plaintiff's civil rights.

The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims for personal injury and dismisses this case without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of

dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

It is ordered that this case is dismissed without prejudice. Final dismissal will be entered separately pursuant to Federal Rule of Civil Procedure 58(a).

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA